IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SGIC STRATEGIC GLOBAL INVESTMENT CAPITAL, INC., ET AL., | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:14-cv-3300-B |
| BURGER KING EUROPE GMBH, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiffs SGIC Strategic Global Investment Capital, Inc. ("SGIC"), GRIL German Restaurant Investment & Lending, Inc. ("GRIL"), and Christian Groenke filed a Motion for Leave to Conduct Jurisdictional Discovery. *See* Dkt. No. 19. United States District Judge Jane J. Boyle referred the motion to the undersigned magistrate for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 22. For the reasons explained below, the motion should be DENIED.

**Background**

Both Plaintiffs SGIC and GRIL are Delaware corporations with their principal place of business in Dallas, Texas. *See* Dkt. No. 1. Plaintiff SGIC is the sole shareholder of Plaintiff GRIL. *See id.* Plaintiff Groenke, the sole shareholder and president of SGIC, is a United States citizen and a resident of Texas. *See id.* Defendant Burger King Europe Gmbh ("BKE") is the franchisor of Burger King

1

restaurants in Germany and other European countries. *See* Dkt. No. 11. Defendant is a Swiss corporation with its principal place of business in Zug, Switzerland. *See id.*

Plaintiff Groenke owns and operates Burger King franchises in Germany through various corporate entities under franchise agreements with Defendant. *See* Dkt. No. 1. Originally, payment of franchise fees for some of the franchises was backed by a letter of credit with a German bank, but later Plaintiff Groenke substituted his personal guarantee for the letter of credit. *See id.* Plaintiffs assert that, in 2010, Defendant induced Plaintiff Groenke to purchase shares of a corporation that owned nonperforming Burger King restaurants in Berlin in exchange for a development agreement and the opportunity to purchase 91 Burger King restaurants in Germany. Plaintiffs assert that Defendant terminated the development agreement, sold the 91 restaurants without giving Plaintiffs any opportunity to purchase them, and engaged in a course of conduct designed to devalue Plaintiff Groenke's performing restaurants. *See id.* Plaintiff Groenke then put the nonperforming restaurants into bankruptcy and tried to sell Plaintiff SGIC's interest in Plaintiff GRIL. *See* Dkt. No. 29 at 5. Plaintiffs assert that Defendant threatened the buyer and stopped the sale.

There are two relevant lawsuits in the Northern District of Texas that involve the underlying parties. On April 17, 2014, BKE as a plaintiff filed an action for franchise fees against Groenke as a defendant based on Groenke's personal guarantee. *See Burger King Europe Gmbh v. Groenke*, 3:14-cv-1417-G-BN (N.D. Tex. filed Apr. 17, 2014) (the "Guarantee Lawsuit"). On September 12, 2014, Plaintiffs

SGIC, GRIL, and Groenke filed this separate against Defendant BKE alleging tortious interference with a Share Purchase Agreement ("SPA") between a third party and two of the three Plaintiffs, SGIC and GRIL.

On January 5, 2015, Defendant filed a Motion to Dismiss for lack of personal jurisdiction and a forum selection clause. On January 22, 2015, Plaintiffs filed a Motion for Leave to Conduct Jurisdictional Discovery [Dkt. No. 19]. Plaintiffs contend that their complaint makes a preliminary showing of jurisdiction as Defendant purposefully availed itself of the Court's jurisdiction by conducting business with Plaintiffs, tortiously interfering with the SPA, and filing the Guarantee Lawsuit against Plaintiff Groenke.

## Legal Standards for Jurisdictional Discovery

When seeking discovery on personal jurisdiction, a plaintiff must make a "preliminary showing of jurisdiction" before being entitled to such discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The decision to allow jurisdictional discovery is within the district court's discretion. *See id.* at 428. "[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (citation omitted). A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction. *See Mello Hielo Ice, Ltd. v. Ice Cold Vending, LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012)

(citing *Kelly*, 213 F.3d at 855). A court is entitled to deny leave to conduct jurisdictional discovery where the movant fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction. *See id.*; *Northview Christian Church, Inc. v. Monolithic Constructors, Inc.*, No. 3:09-cv-655-M, 2010 WL 2812849, at *3 (N.D. Tex. July 13, 2010); *King v. Hawgild Air, LLC*, No. 3:08-cv-153-L, 2008 WL 2620099, at 8* (N.D. Tex. June 27, 2008). A court may also deny jurisdictional discovery where the plaintiff only offers speculation as to jurisdiction and where the plaintiff is waging a "fishing expedition" into jurisdictional facts. *Combat Zone Corp. v. John/Jane Does 1-13*, No. 3:12-cv-3927-B, 2013 WL 230382, at *2 (N.D. Tex. Jan. 22, 2013) (citing *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)).

## Analysis

### I.   Plaintiffs Fail to Make a Preliminary Showing of Specific Jurisdiction

Plaintiffs assert that they have made a preliminary showing of specific jurisdiction over Defendant because Defendant purposefully availed itself of the Court's jurisdiction by filing the Guarantee Lawsuit. *See* Dkt. No. 20. Defendant counters that the Guarantee Lawsuit is unrelated to the underlying case.

Voluntarily filing a lawsuit may constitute purposeful availment and subject a party to personal jurisdiction in another lawsuit when the lawsuits arise from the same general transaction. *See Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana S.A. de C.V.*, 277 F. Supp. 2d 654, 667-68 (N.D. Tex. 2002). For specific jurisdiction to apply based on Defendant's voluntarily filing of the Guarantee

4

Lawsuit, the underlying case must arise out of the same nucleus of operative facts as Defendant's Guarantee Lawsuit.

Plaintiffs have failed to show that the two lawsuits arise from the same transaction. They try to connect the Guarantee Lawsuit to Defendant's alleged interference with Plaintiffs' attempt to sell their interest in the restaurants. They argue that they never would have signed the guarantee agreement unless Defendant agreed to a development agreement for the greater Berlin market region and the opportunity to purchase 91 additional restaurants. *See* Dkt. No. 29 at 4. But, Plaintiffs are not suing for breach of the development agreement and lost opportunity costs. Instead, they are suing because Defendant allegedly interfered with their attempt to sell their interest in certain restaurants to a third party. Further, the restaurants at issue in the Guarantee Lawsuit and the restaurants involved in the SPA do not overlap, and two of the three Plaintiffs – SGIC and GRIL – are not parties in the Guarantee Lawsuit. *See* Dkt. No. 24. When Plaintiff Groenke signed the guarantee agreement, Plaintiffs had no dealings with the third party involved in the SPA. In fact, Plaintiffs were trying to increase their interest in Defendant's restaurants in Germany. The undersigned cannot accept Plaintiffs' argument that the two suits are related when the Guarantee Lawsuit follows Plaintiffs' attempts to increase their ownership interests in Defendant's restaurants while the underlying suit follows Plaintiffs' attempt to sell their interests in Defendant's restaurants.

The undersigned is not persuaded by Plaintiffs' attempt to portray separate and distinct transactions as part of a single transaction to assert personal jurisdiction

over Defendant despite Defendant's lack of contacts in Texas. The undersigned concludes that Plaintiffs have failed to establish a preliminary showing of specific jurisdiction over Defendant.

## II. Plaintiffs Fail to Make a Preliminary Showing of General Jurisdiction

Plaintiffs also allege that Defendant has continuous contacts with Texas through its ongoing relationship with Plaintiffs, and thus, Defendant is subject to general personal jurisdiction. But Plaintiffs have failed to provide any basis for general jurisdiction other than this vague assertion of Defendant's allegedly continuous contacts in their complaint and their motion for jurisdictional discovery. *See, e.g.*, Dkt. No. 1 at ¶ 7; Dkt. No. 20 at 4; Dkt. No. 29 at 8. Vague and generalized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction. See *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008). Plaintiffs' assertions of jurisdiction are exactly the vague and generalized claims that *Johnston* requires the Court to deny and, in any event, for these purposes, do not make the required preliminary showing of personal jurisdiction.

The proper consideration when determining general jurisdiction is "'whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 762 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (alteration in original). The United States Supreme Court held that, as to a corporation, "the place of incorporation and principal place of business" are where it is "at home" and are thus paradigm bases for jurisdiction. *Id.*

6

at 760. "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5thhCir. 2014). A nonresident that merely does business with Texas businesses or customers will not be subject to general jurisdiction here unless it also has a lasting physical presence in the state. *See Access Telecomm., Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999); *see also Johnston*, 523 F.3d at 614 (general jurisdiction not conferred simply by advertising within a state or traveling to the state at regular intervals).

Defendant is a Swiss corporation with its principal place of business in Switzerland. *See* Dkt. No. 11. Defendant franchises Burger King restaurants in Germany and other European countries, and it does not franchise restaurants in the United States. *See id.* Defendant does not conduct business in Texas or have any physical presence in the state. *See id.* The franchise agreements creating the relationship between Plaintiffs and Defendant are in German and governed by German law. *See id.* Defendant's contacts with Texas are limited to its relationship with Plaintiffs. Plaintiffs have not made a preliminary showing that Defendant would feel "at home" in Texas.

The undersigned concludes that Plaintiffs have failed to establish a preliminary showing of general jurisdiction over Defendant.

### III. Plaintiffs Fail to Show Jurisdictional Discovery Is Needed

Plaintiffs seek leave to conduct jurisdictional discovery of (1) Defendant's contractual and business relationships with Plaintiffs and others in the forum; (2) Defendant's communications with Plaintiffs in the forum; (3) Defendant's knowledge

that Plaintiff Groenke was located in the forum at the time Defendant entered into various business and contractual arrangements with Plaintiffs; (4) Defendant's relationship with its affiliate entities in the forum; and (5) other activities that demonstrate Defendant's business presence in the forum. Dkt. No 29 at 8. Defendant argues that Plaintiffs have failed to adequately support their request for jurisdictional discovery. Dkt. No. 24 at 8.

Even if Plaintiffs had made the required preliminary showing of personal jurisdiction, the undersigned concludes that Plaintiffs have failed to establish that they are entitled to jurisdictional discovery. While Plaintiffs do not have a heavy burden to obtain jurisdictional discovery, *see Fielding*, 415. F.3d at 429, jurisdictional discovery need not be permitted unless the motion to dismiss raises issues of fact, *see Kelly*, 213 F.3d at 855.

Here, Defendant contends that it does not operate franchises in the United States and has no physical presence in Texas, *see* Dkt. No. 11, and Plaintiffs do not dispute these facts. Instead, Plaintiffs are disputing the significance of the facts for determining jurisdiction. Plaintiffs rely heavily on the fact that Defendant knew that Plaintiffs were located and operating in Texas. *See* Dkt. No. 29 at 8. Defendant does not deny that Plaintiffs operate in Texas and does not take a position on Plaintiffs' location when they received Defendant's communications. Plaintiffs have shown no disputed issue of fact that requires jurisdictional discovery. Insofar as these communications are considered in determining their jurisdictional significance, it appears that the Court will accept Plaintiffs' allegations in its pleading as true and

8

construe all factual conflicts in favor of Plaintiff. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994); *Cable Electronics, Inc. v. N. Am. Cable Equip., Inc.*, No. 3:098-cv-433-M, 2010 WL 1541504, at *1 (N.D. Tex. Apr. 15, 2010). The undersigned therefore cannot accept Plaintiffs' position that determining Defendant's knowledge on where Defendant was directing its communications through jurisdictional discovery is necessary.

Plaintiffs' jurisdictional discovery request does not look to add any significant facts to the jurisdictional analysis. Plaintiffs broadly request discovery of "other activities that demonstrate Defendant's business presence in the forum." Dkt. No. 29 at 8. But the Court need not allow Plaintiffs to conduct a jurisdictional fishing expedition seeking facts to support a claim of personal jurisdiction. *Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797-98 (N.D. Tex. 2010) (citation omitted). And Plaintiffs have not sufficiently identified any facts that they expect to obtain through discovery and how that information would support personal jurisdiction. *See Best Little PromoHouse in Texas, LLC v. Yankee Pennysaver, Inc.*, 3:14-cv-1824-BN, 2014 WL 5431630, at *7-8 (N.D. Tex. Oct. 27, 2014).

The undersigned therefore concludes that Plaintiffs have failed to adequately support their request for jurisdictional discovery. *See Northview Christian Church, Inc.*, 2010 WL 2812849, at *3.

## Recommendation

Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery [Dkt. No. 19] should be DENIED.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 4, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE